```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Timmie Fair

    v.                                        Civil No. 14-cv-083-PB

New Hampshire Department of Corrections


### REPORT AND RECOMMENDATION

Before the court is plaintiff Timmie Fair's motion to amend the complaint (doc. no. 20), with a proposed complaint amendment attached thereto, consisting of a set of exhibits (doc. nos. 20-1 to 20-5).

### Background

This court's June 13, 2014, Order (doc. no. 13) identified one claim (Claim 1) that could proceed in this action:

> 1. NHSP medical department members -- including ten unnamed nurses who provided sick call services to inmates on E-Tier in SHU each day from December 31, 2013, to January 9, 2014 -- violated plaintiff Timmie Fair's Eighth Amendment right to adequate medical care in that, with deliberate indifference to a risk of serious harm to Fair, they knew of Fair's hand injury and/or the December 31, 2013, recommendations of a Dartmouth Hitchcock Concord physician (i.e., that Fair soak his injured right hand in antiseptic solution and wear a removable cast), but did not implement those recommendations or otherwise treat Fair's hand injury before Fair reinjured his hand on January 9, 2014.

In the October 28, 2014, Order (doc. no. 17), the court dismissed Fair's remaining claims asserted in the original complaint and directed service of Claim 1 upon ten unidentified NHSP employees, identified as "John/Jane Doe Nurses 1 to 10." In the same order, the court granted Fair leave to amend the complaint to add the correct names of those Claim 1 defendants.

In response to the October 2014 Order (doc. no. 17), Fair filed the instant motion to amend the complaint, along with a proposed amended complaint, providing the name of one defendant to Claim 1, Nurse Patrick Keon. Construed liberally, the proposed amended complaint asserts that Keon provided sick call services on Fair's tier during the relevant time period and was aware of Fair's injury and/or the outside physician's December 2013 treatment regimen for Fair's hand, but did not follow it or otherwise provide treatment for Fair's hand, with deliberate indifference to Fair's serious medical needs, prior to January 9, 2014.

The proposed complaint amendment also seeks to add the following claims to this action, numbered sequentially as Claims 2-4:

> 2. NHSP Nurse Patrick Keon was deliberately indifferent to plaintiff's medical need for treatment on January 9, 2014, and for days afterwards, in that (a) Keon told Fair that although Fair needed hospital care and stitches for

2

his January 9 hand injury, Fair could not be sent until the first shift on the next day because the facility was short-staffed that night; and (b) Keon did not follow the December 2013 treatment regimen, or otherwise clean Fair's hand adequately, after January 9, 2014, when Fair reinjured his hand.

3.   Dr. Celia Englander, MD, and Janice Theodore, RN, each with deliberate indifference to plaintiff's serious medical need for pain treatment for a right hand injury, did not provide adequate pain treatment in response to Fair's complaints on the seven dates in 2014 when Fair complained of pain during an appointment with each of them, specifically: April 29, June 10, August 5, August 19, September 23, October 7, and October 14, 2014.

4.   NHSP medical staff member Bernadette Campbell violated Fair's Eighth Amendment right to adequate medical care on January 17, 2014, in that she did not provide Fair with a cast, and instead built a splint for Fair's hand from tongue depressors and compression tape, after noting that Fair's cast had been broken.

## Discussion

### I.   Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a complaint once, within twenty-one days of service or twenty-one days after service of a responsive pleading, and that the court "should freely give leave when justice so requires."  A proposed amendment seeking to add new parties "is technically governed by [Federal Rule of Civil Procedure] 21," but the "same standard of liberality" applies under either rule.  Garcia v. Pancho Villa's of Huntington

3

Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citations omitted).  Because a responsive pleading has not yet been filed in this action, and adding new parties at this stage of the case will not create undue prejudice, the court has granted Fair's motion to amend the complaint in the Order issued on this date.

## II. Preliminary Review

### A. Standard

The next step in the processing of Fair's complaint amendment is for the court to subject it to preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).  In doing so, this court applies the same standard that it previously applied in reviewing Fair's original complaint, set forth in the September 13, 2014, Order (doc. no. 13).

### B. Keon

This court previously determined that Claim 1 stated a claim, and directed plaintiff to provide names so that Claim 1 could be served.  See Oct. 28, 2014, Order (doc. no. 17).  Fair has since identified Patrick Keon as one of the John Doe nurses.  Accordingly, in the Order issued this date, the court has directed service of Claim 1 upon Keon.

The facts alleged with respect to Claim 2, however, fail to state a claim upon which relief can be granted.  "'A plaintiff

must satisfy two elements to present a viable [Eighth Amendment] claim: he must show a serious medical need, and he must prove the defendant's purposeful indifference thereto.'" Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (citation omitted). "[D]eliberate indifference may . . . be exhibited by a wanton disregard to a prisoner's needs," but "such disregard must be akin to criminal recklessness, requiring consciousness of impending harm, easily preventable." Id. at 83 (citations and internal quotation marks omitted).

Keon's statement that short staffing precluded Fair's immediate transfer to the hospital for stitches on January 9, and Keon's conduct in providing an antiseptic and adhesive bandage to Fair, do not show that Keon was deliberately indifferent to any serious medical need. Fair does not allege facts suggesting that Keon did not in fact transmit his recommendations to the first shift medical staff. Moreover, Fair has not alleged facts to show that failing to follow the December 2013 treatment regimen or failing to adequately clean Fair's reinjured hand after January 9, 2014, manifested deliberate indifference, as there are no allegations indicating that the same treatment regimen was needed or appropriate after the reinjury. Accordingly, the district judge should dismiss

Claim 2 for failure to state a claim.

### C. Englander and Theodore

In Claim 3, Fair asserts that he did not receive adequate pain medication for his hand injury. Exhibits attached to pleadings previously filed in this case, including inmate request slips signed by Fair, see Doc. No. 14-1, indicate that Fair received treatment for pain in the relevant time period, but that he wanted stronger pain medication.

Construed liberally in tandem with those prior pleadings and exhibits, the allegations summarized in Claim 3 fail to state a claim for relief. Plaintiff received medical attention for his complaints of pain, albeit not the potency or type he preferred. A dispute over the type of medical treatment provided does not establish a constitutional violation: "'The courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.'" Kosilek, 774 F.3d at 83 (citation omitted). Accordingly, the district judge should dismiss Claim 3, and, as no other claims are asserted against Dr. Englander or Nurse Theodore, they should be dropped from this action to the

extent that they have been identified as parties.

   D.   Campbell

The facts alleged in the pleadings, regarding Bernadette Campbell's conduct and statements, summarized herein as Claim 4, are substantially the same facts alleged as to Nurse Chapman in the original complaint.  This court previously determined that those allegations failed to state a claim.  See June 13, 2014, Order (doc. no. 13), at 5.  Because Fair has similarly failed to allege Campbell's deliberate indifference to any serious medical need of which she was aware, and has not alleged the requisite "consciousness of impending harm, easily preventable," Kosilek, 774 F.3d at 83 (citation and internal quotation marks omitted), the district judge should dismiss Claim 4, and should drop Campbell from this action, to the extent that she has been added as a party.

## Conclusion

For the foregoing reasons, the district judge should dismiss Claims 2-4 in Fair's amended complaint, as numbered in this Report and Recommendation, and should drop all defendants from this action except for Patrick Keon.  Any objections to this Report and Recommendation must be filed within fourteen

days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

                                                     */s/ Andrea K. Johnstone*
                                                     Andrea K. Johnstone
                                                     United States Magistrate Judge

March 16, 2015

cc:   Timmie Fair, pro se
       Stephen G. LaBonte, Esq.