**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Timmie Fair</u>

v.                                          Case No. 14-cv-083-PB

<u>Patrick Keon and Maria McKenna</u>

## REPORT AND RECOMMENDATION

Before the court are New Hampshire State Prison ("NHSP") inmate Timmie Fair's two motions to amend the complaint (doc. nos. 44 and 46).  Defendants object (doc. nos. 49 and 50).

## Background

This court has allowed Fair to proceed in this action on the following Eighth Amendment claim under 42 U.S.C. § 1983:

> 1.   NHSP nurses, specifically Patrick Keon and Maria McKenna, violated plaintiff Timmie Fair's Eighth Amendment right to adequate medical care in that, with deliberate indifference to a substantial risk of serious harm to Fair, they knew of Fair's hand injury and/or the December 31, 2013, recommendations of a Dartmouth Hitchcock Medical Center ("DHMC") physician (<u>i.e.</u>, that Fair soak his injured right hand in antiseptic solution, keep it clean, and wear a removable cast), but they did not implement those recommendations or otherwise treat Fair's hand injury before January 9, 2014.

Defendant Keon filed his answer in May 2015, and McKenna filed her answer in August 2015.  In October 2015, Fair filed the instant motions to amend (doc. nos. 44 and 46), seeking to add new defendants and claims to this case.  Defendants object.

I.    Standard

Under Federal Rule of Civil Procedure 15(a)(2), the court reviewing a motion to amend the complaint "should freely give leave when justice so requires."  Id.; see also Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (same standard applies to motions to add new parties). The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the proposed amendment.  Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted).  The standard for assessing futility is the same standard applied in the preliminary review of the original complaint, which is set forth in the September 13, 2014, Order (doc. no. 13).


II.   Document No. 44

Document No. 44 seeks to add:  (1) an Eighth Amendment claim against new defendant Dr. Celia Englander; and (2) a new state law claim of medical malpractice against existing defendant Maria McKenna.

    A.    Dr. Englander

Document No. 44 alleges that Dr. Englander is liable to Fair under 42 U.S.C. § 1983, due to her "failure to provide

2

medical treatment" for Fair's serious medical needs; her
"failure to follow a specialist's treatment plan" for Fair's
hand injury; and her delay in providing medical care to Fair.
Fair's allegations in Document No. 44 are no more detailed than
that; they do not allege what Dr. Englander knew or did not know
regarding his medical needs, or precisely what she did or did
not do that he considers to have been either the provision of
delayed treatment, or a failure to provide any treatment.

Fair previously alleged that Dr. Englander sent him to an
outside provider in December 2013 for the hand injury at issue
in Claim 1, as numbered above.  See Doc. No. 20-2, at 2.  Fair
has not previously alleged, however, that Dr. Englander knew
that the NHSP medical department had not followed the outside
provider's December 2013 treatment plan, prior to January 9,
2014, and he does not allege so in Document No. 44.  Lacking any
allegation regarding Dr. Englander's knowledge in that regard,
Fair has failed to state a claim for relief based on Dr.
Englander's failure to implement the outside provider's
treatment plan for his hand injury.

Further, the generalized allegations in Document No. 44,
regarding Dr. Englander's failure to treat Fair and her delays
in treating Fair do not, by themselves, state a claim for
relief, as they do not allege sufficient facts regarding Dr.

3

Englander's knowledge of, or deliberate indifference to, a substantial risk of serious harm to Fair.  Accordingly, the district judge should deny the motion to amend the complaint (doc. no. 44), to the extent it seeks to add Dr. Englander as a defendant.

     B.    <u>Medical Malpractice Claim as to Nurse McKenna</u>

Document No. 44, liberally construed, seeks to add a state law tort claim to this case, analogous to the Eighth Amendment claim numbered above as Claim 1, alleging that NHSP Nurse Maria McKenna did not implement the outside provider's recommendations or otherwise treat Fair's hand injury prior to January 9, 2014. To state a malpractice claim under state law, a plaintiff must allege facts demonstrating that he suffered injuries proximately caused by the doctor's or nurse's failure to provide care consistent with the standard of reasonable professional practice at the time the care was rendered.  <u>See</u> <u>Beckles v. Madden</u>, 160 N.H. 118, 124, 993 A.2d 209, 214 (2010) (citing N.H. Rev. Stat. Ann. ("RSA") § 507-E:2).  Even if liberally construed in light of the additional facts regarding Nurse McKenna's conduct alleged elsewhere in the record, Document No. 44 fails to state a viable claim that Fair incurred any injury proximately caused by Nurse McKenna's failure to follow the outside provider's recommendations prior to January 9, 2014.  Accordingly, the

4

district judge should deny Fair's motion to amend the complaint
(doc. no. 44), seeking to add a medical malpractice claim as to
Nurse McKenna.


III. <u>Document No. 46</u>

Fair proposes to add four supervisory defendants to this
action, Nurse Supervisor Cindie Chapman, R.N.; and three prison
officials (Acting Warden Chris Kench, Retired Warden Richard
Gerry, and New Hampshire Department of Corrections Commissioner
William Wrenn) who did not grant relief on Fair's grievances.
In general, supervisory liability under 42 U.S.C. § 1983 lies
only where "an affirmative link between the behavior of a
subordinate and the action or inaction of his supervisor exists
such that the supervisor's conduct led inexorably to the
constitutional violation."  <u>Maldonado v. Fontanes</u>, 568 F.3d 263,
275 (1st Cir. 2009) (internal quotation marks and citation
omitted).

Fair alleges that Chapman was subject to the requirements
of the Nurse Practice Act, RSA Chapter 326-B, and that she knew
about and coordinated all special treatments at NHSP.  He
further alleges that, as a nurse supervisor, she was in charge
of making sure that the NHSP nurses carried out medical
treatments for each inmate.  Those allegations are insufficient

to state a claim under 42 U.S.C. § 1983, as they do not demonstrate that Nurse Chapman's acts or omissions in his case led inexorably to any violation of Fair's constitutional rights, or that she was otherwise deliberately indifferent to any substantial risk of serious harm to Fair.  Accordingly, the motion to add Chapman as a defendant to an Eighth Amendment claim (doc. no. 46) in this case should be denied.

Similarly, Fair's allegations as to Kench, Gerry, and Wrenn fail to show that they may be potentially liable under 42 U.S.C. § 1983, as he has not demonstrated that those individuals' responses to his grievances "led inexorably" to any violation of his constitutional rights, or that they otherwise were deliberately indifferent to any substantial risk of serious harm to Fair.  Accordingly, Fair's motion to add Kench, Gerry, and Wrenn as defendants (doc. no. 46) to his Eighth Amendment claims should be denied.

## Conclusion

For the foregoing reasons, the district judge should deny plaintiff's motions to amend the complaint to add defendants and claims (doc. nos. 44 and 46).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file

6

objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 19, 2016

cc:  Timmie Fair, pro se
     Stephen G. LaBonte, Esq.

7