UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************

Timmie Fair,                              *
                                          *
        Plaintiff                         *
                                          *
    v.                                    *        1:14-cv-00083-PB
                                          *
Patrick Keon and Maria McKenna,           *
                                          *
        Defendants                        *
                                          *

*****************************************

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Defendants, Patrick Keon and Maria McKenna (Defendants), by and through their

counsel, the Office of the Attorney General, submit the following memorandum of law in

support of their motion for summary judgment.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff, Timmie Fair, is an inmate at the New Hampshire State Prison for men in

Concord ("NHSP") and has been incarcerated since December 12, 2013, after being detained on

a parole violation. *See* Doc. 1, Page 5 of 14. He represents himself in this action. Plaintiff brings

this claim alleging Defendants violated the Eighth Amendment to the United States Constitution

for cruel and unusual punishment related to his medical care.

On March 16, 2015 the Court issued the Report and Recommendation along with an

order directing service of Claim 1 on Patrick Keon. *See* Document 24, Report and

Recommendation dated March 16, 2015, p. 4; *see also* Document 25, Order dated March 16,

2015, p. 1. Claim 1 as described by the Court is as follows:

NHSP medical department members -- including ten unnamed nurses who provided sick call services to inmates on E-Tier in SHU each day from December 31, 2013, to January 9, 2014 -- violated plaintiff Timmie Fair's Eighth Amendment right to adequate medical care in that, with deliberate indifference to a risk of serious harm to Fair, they knew of Fair's hand injury and/or the December 31, 2013, recommendations of a Dartmouth Hitchcock Concord physician (i.e., that Fair soak his injured right hand in antiseptic solution and wear a removable cast), but did not implement those recommendations or otherwise treat Fair's hand injury before Fair reinjured his hand on January 9, 2014.

*See* Document 24, Report and Recommendation dated March 16, 2015, p. 1. The Court dismissed all other claims asserted in this action. *See* Document 25, Order dated March 16, 2015, p. 1. On July 7, 2015, the Court granted Plaintiff's motion to add Maria Mckenna as a defendant, and directed Ms. McKenna to answer to the plaintiff's complaint (doc. no. 1) as amended by Documents No. 14, 26 and 32-1, with respect to claim 1 as identified in the Court's order of July 7, 2015, and the Report and Recommendation dated March 16, 2015, within 21 days of service. *See* Document 35, Order dated July 7, 2015, p. 3. The crux of the of the Plaintiff's claim is that the treatment provided by the Defendants was not the same as the treatment recommended by the doctor at Dartmouth Hitchcock. Tr.[1] Pg 25, Ln 4-15; *see also* Tr. Pg 39, Ln 23 – Pg 41, Ln 9.

## II.     STANDARD OF REVIEW

When ruling on a motion for summary judgment, a trial court must construe the record in the light most favorable to the nonmoving party and resolve all reasonable inferences in that party's favor. *O'Neil, Sr. v. O'Mara, Jr.*, No 08-CV-396-SM at *2 (D.N.H. May 11, 2010). Summary judgment is appropriate when the "record reveals no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Contino v. Hillsborough*

---

[1] "Tr" refers to the Transcript of Mr. Fair's deposition. The portion s of the deposition cited herein are attached as Exhibit "A".

*DOC*, No. CV-09-65-PB, at \*10 (D.N.H. Sept. 21, 2011). "[A] fact is material if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." *Lamarche v. Jordan*, No. 04-CV-069-SM at \*2 (D.N.H. June 10, 2009).

If the non-moving party's "evidence is merely colorable or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted." *Robinson v. Gordon*, No. 09-CV-083-SM, at \*3 (D.N.H. Apr. 12, 2010) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986). "[E]vidence illustrating the factual controversy cannot be conjectural or problematic . . . . Conclusory allegations, improbable inferences and unsupported speculation will not suffice." *Blaisdell v. City of Rochester*, No. CV-02-399-M, 2003 WL 22431934 at \*2 (D.N.H. Oct. 24, 2003) (citation omitted). Thus, while the court must take into consideration all properly documented facts, "it may ignore bald assertions, unsupported conclusions, and mere speculation." *Id*. at \*3.

## III.   FACTS RELEVANT TO SUMMARY JUDGMENT

When the Plaintiff entered the NHSP on December 12, 2013 he had a gaping wound on his right hand. *See* Doc. 1, Page 5 of 14. The injury occurred while the Plaintiff was at his girlfriend's grandmother's house. Tr. Pg 8, Ln 23 - Pg 9, Ln 6. According to the Plaintiff he freaked out and hit a glass bowl causing his hand to split open. *Id*. He initially went to the Huggins Hospital in Wolfeboro for treatment but checked himself out and went to Frisbie Memorial Hospital (Frisbie) in Rochester. Tr. Pg 9, Ln 5-20. The staff at Frisbie recommended he see a specialist. Tr. Pg 11, Ln 5-20. This occurred approximately three weeks prior to December 12, 2013. *Id*. at Ln 15-16. Plaintiff did not follow up with a specialist prior to his incarceration. Tr. Pg. 11, Ln. 18-19.

On December 13, 2013 the day after Fair was brought in to the NHSP he was transported to the Catholic Medical Center Emergency Room to have his hand evaluated. Bates[2] 80-89. The attending physician recommended that a follow-up appointment be made with Dartmouth Hitchcock. Bates 89. The appointment was made on December 19, 2013. Bates 79. On December 31, 2015 the plaintiff was seen by Dr. Devanny at Dartmouth Hitchcock . *Id.* The doctor's assessment of the Plaintiff's wound reads as follows:

> Mr. Fair at this point does appear to have sustained a laceration on the dorsal aspect of his left hand overly the Fifth MCP Joint. This appears to be a chronic injury at this point, which appears to be anywhere in the vicinity of 8 to 12 weeks in duration the patient has no obvious infection at this point.

Plaintiffs Medical Records, Dartmouth Hitchcock Medical Center (Dec. 31, 2013) attached here as Exhibit C. Dr. Devanny then recommended hydrogen peroxide soaks daily for one week and to splint the hand. *Id.*

After the appointment the plaintiff was transported back to NHSP. Plaintiff was housed in the Secure Housing Unit (SHU) at the time, and therefore had access to a nurse daily at sick call. Aff. MckKnna[3] ¶ 3; *See also* Aff. Keon[4] ¶ 4. Sick call is typically conducted in the afternoon. Aff. McKenna ¶ 5; *See also* Aff. Keon ¶ 6. The protocol is that the nurse enters the tier and announces sick call. Aff. McKenna ¶ 6; *See also* Aff. Keon ¶ 7. Inmates wishing to be seen must approach the door of their cell. Aff. McKenna ¶ 7; *See also*

---

[2] "Bates" refers to Mr. Fair's medical records produced during discover, with cited Pages attached hereto as Exhibit"B".

[3] "Aff. McKenna" refers to the Affidavit of Maria Mckenna, attached hereto as Exhibit "D".

[4] "Aff. Keone" refers to Affidavit of Patrick J. Keon, attached hereto as Exhibit "E."

4

Aff. Keon ¶ 8. The nurse conducting sick call will then determine the inmate's needs at the door of their cell. Aff. McKenna ¶ 8; *See also* Aff. Keon ¶ 9. When Patrick Keon was conducting sick he would treat the plaintiff when he was cooperative, however, at times the Plaintiff would not go to the door of his cell as sick call protocol required. Aff. Keon ¶¶ 14 - 15. At other times Mr. Keon would stop at the plaintiff's cell and observe the Plaintiff doing exercises such as inverted push-ups causing the wound to open up. *Id.* ¶ 16. Based on Patrick Keon's observations the Plaintiff did not treat his wound in a manner conducive to it healing. *Id.* When the plaintiff allowed Mr. Keon to look at his hand during the relevant time, Mr. Keon would examine the wound and change the bandage if needed and apply bacitracin. *Id.* ¶ 14. Plaintiff confirmed this treatment was provided in his deposition. Tr. Pg 40, Ln 23 - Pg 41, Ln 21.

Defendant Maria McKenna performed sick call twice during the relevant period, the dates of which are January 3, and 4, 2014. Aff. McKenna ¶ 12. In his response to defendant's interrogatories and during his deposition the Plaintiff testified that during the relevant time period Maria McKenna took him out of his cell and treated him in a manner consistent with Dr. Devanny's recommendations. Ans. Int.[5] # 5; *see also* Tr. Pg 52, Ln 6- Pg 53, Ln 22. The plaintiff reinjured his hand on January 9, 2014 by punching a wall. When the Plaintiff reinjured his hand Defendant Patrick Keon tended to it. Tr. Pg 33, Ln 9 - Pg 34, Ln 17.

---

[5] "Ans. Int" refers to Plaintiff's answers to Defendants interrogatories attached hereto as Exhibit "F".

## IV. ARGUMENT

### 1. Without Expert Testimony, Plaintiff cannot Establish that the Defendants were Deliberately Indifferent to his Serious Medical Needs

The Discovery Plan, approved by the Court on October 14, 2015, required Plaintiff to disclose any experts he intended to call by January 15, 2016. *See* Doc No. 42; and Doc No. 55. Aff. LaBonte[6] ¶ 2. As of the date of this filing, more than 143 days after the deadline, Plaintiff has disclosed no experts. *Id.* ¶ 3. He is therefore barred from doing so now. Osgood v. Town of Salisbury, 105 F. Supp. 3d 160 , 163 (D. Mass 2015).

To prove an Eighth Amendment violation, Plaintiff must show that Defendants' acts or omissions in providing medical treatment were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Feeney v. Corr. Med. Servs.* 464 F3d 158, 161 (2006). To demonstrate deliberate indifference "a plaintiff must satisfy both a subjective and objective inquiry: he must show first, that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety, and second, that the deprivation alleged was objectively, sufficiently serious." *Leavitt v. Correctional Medical Services, Inc.*, 645 F.3d 484, 497 (1st Cir. 2011). A prison official has a culpable state of mind "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

"A state-of-mind issue such as the existence of deliberate indifference usually presents a jury question." *Leavitt*, 645 F.3d at 496 (quoting *Torraco v. Maloney,* 923 F.2d 231, 234 (1st Cir. 1991)). While this is the case, "a party against whom summary judgment is sought is not entitled to a trial simply because he has asserted a cause of action to which state of mind is a material element." *Id.* (quoting *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975)). Where

---

[6] "Aff. LaBonte" refers to the Affidavit of Stephen G. LaBonte, attached hereto as Exhibit "G".

there is no evidence of treatment "so inadequate as to shock the conscience, let alone that any deficiency was intentional, and no evidence of acts or omissions so dangerous that a defendant's knowledge of a large risk can be inferred," summary judgment is appropriate. *Torraco,* 923 F.2d at 234 (citations and quotations omitted).

The deliberate indifference standard "encompasses a narrow band of conduct: subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim." *Levitt,* 645 F.3d at 497. Instead, the medical treatment provided must have been so inadequate as "to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976)). Constraints inherent in a prison setting may affect the choice of care provided, and may be relevant to whether or not prison officials provided inadequate care with a deliberately indifferent mental state. *See Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

This Court has held that under circumstances where the subject matter of a deliberate indifference case is not within the common knowledge of jurors, expert testimony is required for a plaintiff to succeed. *Chambers v. Warden, N.H. State Prison,* 2004 U.S Dist. LEXIS 169, [13] (D.N.H. Jan. 8, 2004); *Cote v. Rockingham County,* 1995 U.S. Dist. 6983 [2] (D.N.H. May 18, 1995). In *Brown v. Englander,* 2012 U.S. Dist. LEXIS 76176 [10] (June 1, 2012), this Court ruled that when an inmate's treatment "was not so obviously outrageous or malicious that a lay trier-of-fact could reasonably conclude that it violated the Eighth Amendments . . ." the plaintiff must provide expert medical testimony. *See also Robinson v. Hager,* 292 F.3d 560, 564 (8th Cir. 2002). The *Brown* Court stated:

> This court lacks the medical training and expertise necessary to determine, in the absence of expert opinion evidence, whether the medical judgment exercised by the defendant physicians fell below an acceptable standard of professional care,

7

much less that the medical care provided to plaintiff was so substandard as to implicate the Eighth Amendment . . .

*Brown v. Englander*, 2012 U.S. Dist. LEXIS 76176 [9] (quoting *Boudreau v. Englander*, 2010 U.S. Dist. LEXIS 51809 (D.N.H. 2010)).

Unlike a case such as *Devens v. Stern*, 1995 U.S. Dist. LEXIS 5033 [6-7] (D.N.H. April 12, 1995) (allowing plaintiff's § 1983 claims to proceed without the benefit of expert testimony), Plaintiff's case involves issues beyond what is considered common knowledge. Plaintiff would ask a finder of fact to determine, without guidance from expert testimony, whether the treatment provided by the defendants' was so inadequate that it amounted to wanton infliction of pain or was repugnant to the conscious of mankind. *Estelle*, 429 U.S. at 106. Answering this would require a detailed understanding of Plaintiff's injury, his complex medical history, and how choosing one course of treatment as opposed to another amounted to inadequate care. The fact finder would require testimony on what treatment was medically necessary and an in-depth comparison of said treatment with the treatment Defendants provided.

Plaintiff has failed to disclose an expert witness in accordance with this court's discovery order and, as a result, cannot meet his burden of proving an Eighth Amendment violation. Whether Defendants' treatment of Plaintiff was even substandard, let alone deliberately indifferent, is not obvious or even in the realm of common understanding. *See Brown*, at [9-10]. As such, expert testimony is required. *See id.*; *see also Hoeft v. Harrop*, 366 Fed. Appx. 681, 683 (7th Cir. 2010) (stating when determining deliberate indifference, "[e]xpert testimony is required when the causal link between an alleged deprivation and injury is not within the common experience . . . of the average juror."). As such, summary judgment is appropriate.

8

### 2.  Plaintiff's Claim Fails Because the Record Shows He Received Adequate Treatment During Sick Call

Should Plaintiff's claim survive his failure to disclose an expert, Defendants' motion for summary judgment should still be granted because Plaintiff cannot  set forth any evidence that Defendants ignored his medical condition, deprived him of medically necessary care, or displayed an intention of punishing him by withholding treatment.  The undisputed facts demonstrate that Defendants provided him with adequate and appropriate medical care.

As previously stated, in order to prevail on an Eighth Amendment claim of cruel and unusual punishment for medical mistreatment under § 1983 an inmate must show that prison officials demonstrated "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This test has both a subjective (state of mind) and an objective component. *See Desfrosier v. Moran*, 949 F.2d 15, 18 (1st Cir. 1991).

By law, an inmate is entitled only to "adequate" medical care. *See Torraco*, 923 F.2d 231, 234 (1st Cir. 1991).  Similarly, a constitutional violation does not occur merely because an inmate happens to disagree with a nurse or physician's decision regarding the proper course of treatment. *See Ruiz-Rosa v. Rullan*, 485 F.3d 150, 156 (1st Cir. 2007); *Watson v. Cato*, 984 F.3d 537, 540 (1st Cir. 1993).

The Plaintiff must demonstrate that: (1) he had a "serious medical need" that "has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Gaudreault v. Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990); (2) defendants knew or should have known that the failure to treat his condition would result in "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind," *Estelle*, 429 U.S. at 105–06; and (3) "despite such knowledge,

9

defendants were deliberately indifferent . . . and knowingly denied access to appropriate medical treatment," *Carey v. Ward*, 2007 U.S. Dist. LEXIS 66515 [14] (Sept. 7, 2007).

Plaintiff has no basis to assert, let alone prove, deliberate indifference on the part of the Defendants. Defendants did not turn a blind eye to Plaintiff's serious medical needs. *See* Keone Aff. ¶?. Plaintiff simply disagrees with the course of his treatment and care during the relevant time period. Tr. Pg 25, Ln 4-15; *see also* Tr. Pg 39, Ln 23 – Pg 41, Ln 9.

Defendants' conducted sick call rounds every after afternoon. *See* Aff. McKenna ¶ 12; *also see* Aff. Keon ¶ 12. When sick call occurs it is announced in the tier and inmates seeking medical attention approach the door of their cell where they are examined. *See* Aff. McKenna Aff. ¶ 6; *also see* Aff. Keon ¶ 7. During sick call rounds when the Plaintiff would approach the door to his cell as protocol dictates the Defendants would examine his hand and provided what treatment they believed was necessary. *See* Aff. McKenna Aff. ¶¶ 10-12; *also see* Aff. Keon ¶¶13-14: *see also* Tr. Pg 22, Ln 10 - Pg 25, Ln 17; *see also* Ans. Int. # 5; *see also* Tr. Pg 52, Ln 6- Pg 53, Ln 22. . The Plaintiff testified that during the relevant time period Patrick Keon would change out his bandages and provide ointment. *See* Tr. Pg 40, Ln 23 - Pg 41, Ln 21. Similarly the plaintiff testified that Maria McKenna removed him from his cell soaked his hand as recommended by the Dartmouth Hitchcock doctor. *See* Tr. Pg 52, Ln 6 - Pg 53, Ln 22. This is not turning a blind eye to the to the plaintiff's serious medical need. Plaintiff simply cannot insist Defendants follow a treatment recommended by a doctor outside the prison system over  . the protocols established inside the prison. Not providing a particular of therapy for wound treatment instead of providing other wound treatment, does not amount to negligence, let alone deliberate indifference, and Plaintiff has provided no facts or expert testimony to prove the contrary. *See Estelle*, 429 U.S. at 105–06. Summary judgment is required. *See Blaisdell*, No.

10

CV-02-399-M, at *2 ("[E]vidence illustrating the factual controversy cannot be conjectural. . . .

Conclusory allegations, improbable inferences and unsupported speculation will not suffice.").

Therefore Defendants are entitled to summary judgment as requested herein.

## V.    CONCLUSION

For the reasons stated previously herein, the Defendants respectfully request that this

Honorable Court grant the Defendant's motion for summary judgment filed concurrently with

this memorandum of law pursuant to Local Rule 7.1(a)(2)..

Respectfully submitted,

PATRICK J. KEON
AND
MARIA MCKENNA

By their attorney,

JOSEPH A. FOSTER
ATTORNEY GENERAL

Date:  June 6, 2016

/s/  Stephen G. LaBonte
Stephen G. LaBonte
NH Bar No. 16178
Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, New Hampshire 03301-6397
Telephone:  (603) 271-3675
Email:  stephen.labonte@doj.nh.gov

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 6th day of January 2016 on the following person on this date and in the manner specified herein:

### Conventionally Served:

Timmie Fair, #44316
NH State Prison
PO Box 14
Concord, NH 03302-0014

/s/ Stephen G. LaBonte
Stephen G. LaBonte